# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | 2:19-cr-00428-RGK-1 | Date | April 14, 2020 |
|---|---|---|---|
| Title | *USA v. DEVAULT et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported | Benedetto Balding/ Puneet Kakkar – Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s): | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Lamont Devault | N | X | | Oliver P Cleary, CJA Panel | N | X | |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Judgment of Acquittal or New Trial [DE 172]

## I. INTRODUCTION

On February 6, 2020, a jury found Defendant Lamont Devault ("Defendant" or "Devault") guilty of (1) conspiracy to distribute controlled substances, including heroin and more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846 (Count One), (2) possession with intent to distribute more than 5 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Two), and (3) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1).

Presently before the Court is Defendant's Motion for Judgment of Acquittal as to count one and Motion for New Trial. (ECF No. 172.) For the following reasons, the Court **DENIES** Defendant's Motions.

## II. FACTUAL BACKGROUND

### A. The Parties Involved

Defendant was an inmate at Centinela State Prison at all times relevant to the indictment.

Lance Medina ("Medina") worked at Centinela State Prison as a supervising cook from 2015 to 2017, and smuggled drugs into the prison on behalf of the conspiracy.

Lamont Devault II ("Devault II") is Defendant's son who was in contact with Defendant and Medina during the relevant time period.

Lashawn Anderson ("Anderson") was Devault's associate who assisted with banking operations outside the prison.

Steve Bencom ("Bencom") was also an inmate at the prison and one of Devault's associates.

Deandre McIntosh ("McIntosh") was an inmate at the prison and one of Devault's associates.

### B.     The Indictment

In June 2019, a grand jury returned a three-count indictment against Defendant. In the indictment, the Government alleged (1) that Defendant conspired with Medina, Devault II, Anderson, Bencom, McIntosh, and others to knowingly and intentionally distribute methamphetamine and controlled substances in the prison; (2) Defendant, Devault II, Bencom, and Medina knowingly and intentionally possessed with intent to distribute at least fifty grams of methamphetamine; and (3) Defendant, Devault II, Bencom, and Medina knowingly and intentionally possessed with intent to distribute heroin. The indictment alleged that Devault would use contraband cell phones to contact Devault II for the purpose of procuring controlled substances. Devault II would then coordinate with Medina to smuggle them into the prison on Devault's behalf. Devault, Bencom, and McIntosh would then obtain the controlled substances in the prison for further distribution. On October 22, 2017, for example, Devault II sent pictures of drugs packaged in balloons, on a scale, to Devault. That same day, Devault forwarded the pictures to Bencom, and then instructed Devault II on how to drop off the drugs with Medina along with Medina's payment for smuggling the drugs into the prison. Medina would conceal the drugs in his underwear. On October 28, 2017, McIntosh ordered $12,900 worth of marijuana, heroin, cocaine, and methamphetamine from Devault via text message. Devault had McIntosh pay for cell phones and drugs through a bank account held by Anderson. Ultimately, on November 11, 2017, Medina was caught with 53.75 grams of methamphetamine for purposes of distribution in the prison. At Medina's home, there was an additional 130.7 grams of methamphetamine and 91 grams of heroin hidden for purposes of further distribution in the prison.

### C.     The Jury's Verdict

The case proceeded to trial. Bencom, Medina, Devault II, and Anderson all pled guilty. After deliberations, the jury found McIntosh guilty of one count of conspiracy to distribute controlled substances, including heroin and at least 5 grams of methamphetamine. The jury also found Devault guilty of all three counts of his indictment. As to count two, however, the jury found that Devault had possessed at least 5 grams of methamphetamine with intent to distribute rather than more than 50 grams.

## III. JUDICIAL STANDARD

### A. Rule 29

Rule 29(a) provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "[T]here is sufficient evidence to sustain a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000). A court considering the sufficiency of the evidence "must respect the exclusive province of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." *United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977). Circumstantial evidence and inferences drawn from it are sufficient to sustain a conviction. *See, e.g., United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992).

### B. Rule 33

Rule 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unlike a Rule 29 Motion for Acquittal, a Motion for New Trial requires that "the court weigh the evidence," and allows the court to "consider the credibility of the trial witnesses." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1088, 1094 (S.D. Cal. 1990) (citing *Murphy v. City of Long Beach*, 914 F.2d 183 (9th Cir. 1990); *Fount-Wip, Inc. v. Reddi-Wip, Inc.*, 568 F.2d 1296, 1302 (9th Cir. 1978)). Thus, the standard for granting a new trial is "more liberal" than the standard for acquittal, and "where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence," the court may grant the motion. *Id.* While the court ruling on a motion for new trial "need not view the evidence from the perspective most favorable to the prevailing party," the court still must give "full respect to the jury's findings" in making exercising its discretion. *See Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987) (internal citations omitted).

## IV. DISCUSSION

Defendant moves for acquittal as to count one and moves for a new trial. The court first addresses the Motion for Judgment of Acquittal, then moves to the Motion for New Trial.

### A. Acquittal

Defendant moves for acquittal as to count one, conspiracy to distribute controlled substances including heroin and more than 50 grams of methamphetamine, on the theory that the evidence did not provide a reasonable basis to find him guilty. The Court disagrees.

The Government produced multiple witnesses, including Medina and Devault II, who testified that Devault arranged for Devault II to pick up the bundles that were eventually found either on Medina or in Medina's yard. Medina testified specifically that those were the bundles Devault II delivered to him: in response to AUSA Kakkar's question, "[w]ere all these drugs the drugs you received from Devault II in October 2017," Medina testified "[y]es, sir." These bundles were lab tested and contained over 130 grams of methamphetamine and over 90 grams of heroin; further, Medina had over 50 grams of methamphetamine on him at the time of his arrest, which he testified he was bringing into the prison for Devault. The conversations between Devault and Bencom, and Devault and McIntosh, also provided evidence of Devault's intent that drugs be smuggled into the prison for distribution. Viewing the evidence in the light most favorable to the Government, the jury rationally concluded that Defendant Devault was guilty.

### B. New Trial

For the same reasons a reasonable juror could have found Devault guilty of the charged crime, the Court declines to grant Defendant a new trial. In weighing the evidence and considering the credibility of the witnesses, the Court is not convinced that justice requires a new trial. Devault's son testified that he picked up and delivered to Medina the bundles found at Medina's home, and that he was directed to do so by Devault. Those bundles turned out to be the aforementioned methamphetamine and heroin. Medina's testimony further corroborated that the bundles were delivered by Devault II pursuant to the conspiracy between himself, Devault, and Bencom, and intended for delivery to Devault's associates in the prison. The Court, therefore, elects to defer to the jury's findings of fact and finds itself in agreement with the jury's reasoned conclusions.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Acquittal and Motion for New Trial.

**IT IS SO ORDERED.**

: 

Initials of Preparer